# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

### CIVIL NO. 5:04CV185
### (5:02CR43)

| | | |
|---|---|---|
| **DAVID EZEL SIMPSON** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Petitioner cites the Supreme Court's rulings in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), *Apprendi v. New Jersey*, 530 U.S. 466, and *Strickland v. Washington*, 466 U.S. 668 (1984), as primary sources of support for his claims. The Court will also include a review of his conviction and sentence pursuant to *Booker v. United States*, 125 S. Ct. 738 (2005). No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

The Court, having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

On March 25, 2003, Petitioner plead guilty to Counts 1, 12 and 13 of an 18-count bill of indictment charging him and others with conspiracy to commit credit card fraud, bank fraud and aiding and abetting, and money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 371, 1344, 1956(a)(1)(B)(i), and 2. **Bill of Indictment, filed November 5, 2002; Entry and Acceptance of Guilty Plea, filed March 25, 2003.**

Prior to entering his plea of guilty, the Petitioner entered into a lengthy written plea agreement with the Government which is accurately summarized in the presentence report.

> In regard to the Sentencing Guidelines, the defendant and the United States agree to recommend to the Court that the Guidelines in effect prior to the November 1, 2001 amendments will be used at sentencing. Both parties agree the amount of loss reasonably foreseeable by the defendant was approximately $196,000 for the bank fraud and approximately $70,000 for the credit card fraud resulting in a combined loss of approximately $266,000. Both parties stipulate that the base offense level is 20 pursuant to USSG §2S1.1(a)(2), and that a two-level enhancement is appropriate for role in the offense pursuant to USSG §3B1.1(c). The plea agreement also references a two-level "grouping adjustment" and sets forth an adjusted offense level of 24.

> In addition, the written plea agreement stipulates that the government agrees to recommend the appropriate level of reduction for acceptance of responsibility pursuant to USSG §3E1.1. The parties agree that an upward departure motion is warranted in this case because there is "reliable information [that] indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will not commit other crimes;" therefore, both parties agree that the appropriate criminal history category for the defendant should be a category VI. The parties agree and stipulate that no other guideline departures shall apply unless expressly provided in the plea agreement.

In addition, the plea agreement indicates that should the Probation Office determine that a different offense level is applicable and the Court shall specifically find that such offense level is correct, then the offense level found by the Court shall be used in determining the sentence; provided, however, nothing in this Plea Agreement shall prevent either party from arguing, before the sentence is imposed, for the offense level as stipulated herein and a sentence within the corresponding range of the Sentencing Guidelines.  Subject to the Court's discretion and determination that the defendant is financially able, the defendant agrees to pay full restitution to include all victims directly or indirectly harmed by the defendant's relevant conduct as defined by USSG §1B1.3, including all losses resulting from the activities underlying and relevant to any dismissed counts.  The defendant agrees to reimburse the government for the cost of court-appointed counsel.

**Presentence Investigation Report, dated August 5, 2003, at 5.**  The plea agreement was honored by the Court in passing sentence.

At the Rule 11 hearing before the Magistrate Judge, the Petitioner was placed under oath and asked numerous questions.  **Entry and Acceptance of Guilty Plea,** *supra***.**  Following the question and answer colloquy, both the Petitioner and his attorney signed their acceptance of the correctness of the questions asked and answers given.  ***Id.,* at 4.**  The Petitioner was advised of the essential elements of the offenses; the Petitioner acknowledged he was under oath, required to give truthful answers, and that he knew he could be prosecuted for perjury or false statements if he did not answer truthfully; that he had received and reviewed a copy of the indictment with his attorney; that he understood the charges against him and the *maximum and minimum* penalties therefor; that he had a right to plead not guilty; that if the sentence was more severe than he expected, or the Court did not accept the Government's recommendation as to sentence, he was still bound by his guilty plea; that no one had threatened, intimidated or forced him to enter his guilty plea, nor had any one made any promises of leniency or a light sentence to induce him to plead guilty; that he was in fact guilty of the offenses charged; that he had received

enough time to discuss with his attorney any possible defenses he might have had to the charges; and that he was satisfied with the services of his attorney. ***See generally, id.*** Petitioner's attorney also represented to the Magistrate Judge that he had thoroughly reviewed with his client the charges contained in the indictment, the elements of each offense, the evidence in the case, as well as the maximum and minimum penalties therefor (taking into account whatever effect the Petitioner's prior criminal history might have on his sentence), and that it was his opinion the Petitioner understood these aspects of his plea. ***Id***.

On October 17, 2003, the undersigned sentenced the Petitioner to 60 months imprisonment on Count 1 and 78 months imprisonment on each of the Counts 12 and 13 to run concurrently. **Judgment in a Criminal Case, filed November 3, 2003.** Just after pronouncing the sentence, the Court advised the Petitioner that he had a right to appeal his sentence to the Fourth Circuit Court of Appeals. The Court further advised the Petitioner that if he chose to appeal, he must do so by filing a written notice of appeal within ten days after the date of entry of final judgment. The Petitioner was also advised by the Court that if he chose to appeal but did not have the funds to do so, he could prosecute his appeal at government expense having been previously adjudged to be indigent. The Court then inquired of the Petitioner if he understood his right to appeal as just explained to him. He responded in the affirmative. The Petitioner did not file a notice of appeal.

Petitioner's motion alleges, *inter alia*, that he received ineffective assistance of counsel. In considering this claim,

> [f]irst, the defendant must demonstrate that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

***Strickland, supra*, at 686.** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id*. Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result of the trial would have been different. *Id*., **at 688;** ***Hill v. Lockhart*, 474 U.S. 52 (1985);** ***Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992) (In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty).** If the defendant fails to make the first showing, there is no need to consider the second. ***Strickland, supra.***

Petitioner contends that he cannot read, that his attorney did not get the plea agreement he wanted nor did the attorney read the plea agreement to him; that he was unaware of the six to eight point upward departure which counsel refused to remove; that he did not play a leadership role in the crimes with which he was charged; and that his prior arrest record could not be used. ***See generally*, Petitioner's Motion.**

Whether or not Petitioner is unable to read, as he contends, his complaints are contradicted by his own sworn statements made in his plea agreement and to the Magistrate Judge at his Rule 11 hearing. Given his years of experience in the various court systems, it is highly unlikely that Petitioner failed to understand any part of the court proceedings. Teachings gained by experience are deemed effective.

Initially we note that [Simpson] stated during the Rule 11 colloquy that he had not been coerced or threatened into pleading guilty [and fully understood the charges and penalties]. Although [Simpson] can challenge his statement, it is strong evidence of the voluntariness of his plea.

***United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991) (citing *Worthen v. Meachum*, 842 F.2d 1179, 1183-84 (10th Cir. 1988)). *See also, United States v. Byers*, 894 F.2d 402 (table), 1989 WL 161424 (4th Cir. 1989) (affirming plea accepted after "full Rule 11 inquiry"); *United States v. Walker*, 187 F.3d 633 (table), 1999 WL 565898 (4th Cir. 1999) ("judge fully complied with Rule 11" and claim without merit).**

It is noted that the Petitioner was given a second attorney at his request who was unable to satisfy his demands. This was requested in spite of the efforts of his attorney in successfully reducing the number of charges and obtaining a major reduction in his initial exposure to a much more lengthy sentence. Because the Petitioner has failed to show that either "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

Petitioner next insists that he be given credit for time served in state facilities which relate to his credit card fraud practices. He makes no claim that any request for the relief sought has been through the administrative process of the Bureau of Prisons which is responsible for addressing such matters. ***See*, 18 U.S.C. § 4001, *et seq.*** This claim is, therefore, denied.

Finally, Petitioner contends that the Supreme Court's rulings in *Apprendi, Blakely* and *Booker* have held the federal Sentencing Guidelines unconstitutional; therefore, the sentencing enhancements are a violation of his Sixth Amendment rights. The Court has discussed

Petitioner's alleged Sixth Amendment violations, *supra*, and sees no need to discuss it further here in this context.

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions that were final at the time it was decided. ***United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *United States v. Marshall*, 117 Fed. Appx. 269, 270 (4th Cir. 2004).**

As for *Apprendi*, the Supreme Court there held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. However, the Fourth Circuit has held that *Apprendi* may not be applied retroactively to cases on collateral review. ***San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002).** Likewise, every circuit court which has addressed the issue of whether or not the ruling in *Booker* is retroactive to cases on collateral review has determined that it is not. ***Green, supra*; *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).** Such is the case here.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. A Judgment dismissing the petition is filed herewith.

**Signed: July 19, 2005**

Lacy H. Thornburg
United States District Judge