**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

**CRIMINAL NO.  5:02CR43**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **DAVID EZEL SIMPSON** | ) | |

**THIS MATTER** is before the Court on the Defendant's "motion for detain time" while "awaiting to be sentenced on supervise[d] release violation."  The motion is denied.

The Attorney General of the United States, not the sentencing court, has the authority to compute the amount of pre-sentence credit.  ***United States v. Wilson*, 503 U.S. 329 (1992).**   The Fourth Circuit has held that the district court should not reach the merits of such a motion.  ***United States v. Odiana*, 7 F.3d 227 (table), 1993 WL 359159 \*\*1 (4ᵗʰ Cir. 1993) (citing *United States v. Miller*, 871 F.2d 488, 490 (4ᵗʰ Cir. 1989) and *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9ᵗʰ Cir. 1984) (Challenges to the computation of sentence must be brought in the**

**district of confinement and only after the exhaustion of administrative remedies.)).** Further, federal regulations provide for administrative review through the Bureau of Prisons of the computation of prison sentences and a defendant may not seek judicial review until after these administrative remedies have been exhausted. ***United States v. Burcham*, 91 F. App'x 820, 823 n.2 (4th Cir. 2004).**

     **IT IS, THEREFORE, ORDERED** that the Defendant's "motion for detain time" is hereby **DENIED**.

Signed: July 29, 2008

Lacy H. Thornburg
United States District Judge