IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV74-03-V

| | |
|---|---|
| DAVID E. SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES MARSHAL, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2253(c)" filed on June 9, 2010 (Doc. No. 1.) For the reasons stated herein, such Petition will be summarily denied.

On October 17, 2003, Petitioner was convicted in the case <u>United States v. Simpson</u>, 5:02cr43, of conspiring to defraud the United States by trafficking in or using one or more unauthorized access devices, bank fraud, and/or aiding and abetting that offense, and money laundering. On that occasion, this Court sentenced Petitioner to a total of 78 months imprisonment. After receiving credit for time spent in pre-trial detention, Petitioner satisfied his sentence and was released from confinement in June 2007.

In or about July 2007, Petitioner was arrested on State charges for assault, possession of stolen goods, possession of burglary tools, breaking and entering and larceny after breaking and entering. In March 2008, a writ was executed, bringing Petitioner into federal custody in order to answer for the apparent violation of his three-year federal supervised release term. On June 28, 2008, a hearing was held after which Petitioner's supervised release term was revoked and he was sentenced to a term of 36 months imprisonment. (Crim. Case No. 5:02cr43: Doc. No. 110.)

1

Petitioner appealed the revocation sentence on the basis that it was unreasonable but the sentence was upheld by the United States Court of Appeals for the Fourth Circuit.

On June 19, 2009, Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 complaining that his speedy trial rights were being violated and seeking dismissal of his state charges. (3:09cv229: Doc. No. 1.) On June 16, 2009, after noting that Petitioner had named the wrong custodian, this Court held that as Petitioner had not sought relief in state court, he had not exhausted his state remedies as required by statute. (3:09cv229: Doc. No. 3.) On July 16, 2009, Petitioner filed another § 2241 habeas petition with this Court again asking the Court to direct that he be sent back to federal prison. (3:09cv292: Doc. No. 1.) On August 3, 2009, this Court denied the petition for the reasons stated in its June 16, 2009 Order. (3:09cv292: Doc. No. 5.) On March 31, 2010, Petitioner filed a "Petition for Writ of Habeas Corpus" citing no authority for his petition. Petitioner requested that this Court direct that he be sent from state to federal custody. Although Petitioner did not identify under what authority he filed his petition, the Court considered §§ 2255, 2254 and 2241 and concluded that Petitioner was not entitled to relief under any of those federal habeas statutes.

By way of the instant petition, Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2253(c) again asking that he be sent from state to federal custody. Section 2253 concerns an appeal of a habeas corpus proceeding and subsection (c) specifically states that a petitioner may not appeal to the Court of Appeals unless a certificate of appealaibility has been issued. It is clear that 2253(c) is not the appropriate authority governing the filing of a federal habeas corpus action. As outlined above, Petitioner has been given notice of the various federal habeas corpus statutes in prior Orders from this Court. Because 28 U.S.C. § 2253(c) does not provide this Court with the authority to do what Petitioner is asking, his petition must be denied. Therefore, Petitioner's "Petition for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2253(c)" is DENIED.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Petition is DENIED.

**SO ORDERED**.

Signed: June 18, 2010

Richard L. Voorhees
United States District Judge

---

[1] There is no "successive writ" concern here because Petitioner did not properly file his habeas petition pursuant to any statute governing habeas relief.