IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11CV61-03-V
(5:02cr43)

| DAVID E. SIMPSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | **O R D E R** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** comes before the Court on initial review of Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed April 25, 2011. (Doc. No. 1). For the reasons stated herein, such Petition will be dismissed as untimely.

According to the record, on March 25, 2003, Petitioner plead guilty to conspiring to defraud the United States by trafficking in or using one or more unauthorized access devices, bank fraud, and/or aiding and abetting that offense, and money laundering and was sentenced to a total of 78 months imprisonment. (Crim. Case 5:02cr43, Doc. Nos. 36 and 64). After receiving credit for time spent in pre-trial detention, Petitioner satisfied his sentence and was released from confinement in June 2007.

In or about July 2007, Petitioner was arrested on State charges for assault, possession of stolen goods, possession of burglary tools, breaking and entering and larceny after breaking and entering. In March 2008, a writ was executed, bringing Petitioner into federal custody in order to answer for the apparent violation of his three-year federal supervised release term. On June 26, 2008, a hearing

1

was held after which Petitioner's supervised release term was revoked and he was sentenced to a term of 36 months imprisonment. (Crim. Case No. 5:02cr43, Doc. No. 110.) Petitioner appealed the revocation sentence on the basis that it was unreasonable but the sentence was upheld by the United States Court of Appeals for the Fourth Circuit. United States v. Simpson, 324 F. App's 270 (4th Cir. 2009) (unpublished).

On June 19, 2009, Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 complaining that his speedy trial rights were being violated and seeking dismissal of his state charges. (3:09cv229, Doc. No. 1.) On June 16, 2009, after noting that Petitioner had named the wrong custodian, this Court held that as Petitioner had not sought relief in state court, he had not exhausted his state remedies as required by statute. (3:09cv229, Doc. No. 3.) On July 16, 2009, Petitioner filed another § 2241 habeas petition with this Court again asking the Court to direct that he be sent back to federal prison. (3:09cv292, Doc. No. 1.) On August 3, 2009, this Court denied the petition for the reasons stated in its June 16, 2009 Order. (3:09cv292, Doc. No. 5.) On March 31, 2010, Petitioner filed a "Petition for Writ of Habeas Corpus" citing no authority for his petition. (5:10cv45, Doc. No. 1). Petitioner requested that this Court direct that he be sent from state to federal custody. Although Petitioner did not identify under what authority he filed his petition, the Court considered §§ 2255, 2254 and 2241 and concluded that Petitioner was not entitled to relief under any of those federal habeas statutes and dismissed the Petitioner without prejudice. (Id., Doc. No. 2). On June 9, 2010, Petitioner filed a "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2253(c)." (5:10cv74, Doc. No. 1). By Order dated June 18, 2010, the undersigned denied Petitioner's motion noting that Petitioner did not cite any authority for the relief he requested. (Id., Doc. No. 2).

Petitioner has now filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence conceding that his Motion is untimely but arguing that he only just learned that he could file a motion pursuant to 28 U.S.C. 2255 and he was not aware of the time limitation for such a motion. (Doc. No. 1 at 13, 16).

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

For the purposes of the limitations period of § 2255 when a petitioner has filed a petition for writ of certiorari in the United States Supreme Court, the judgment of conviction becomes final one year after the Supreme Court denies certiorari. Clay v. United States, 537 U.S. 522, 527 (2003). Here, the United States Supreme Court denied Petitioner's petition for writ of certiorari on October 14, 2009. Therefore, Petitioner had until October 14, 2010 to file a proper motion to vacate pursuant

3

to 28 U.S.C. § 2255. However, Petitioner did not file his § 2255 petition until April 25, 2011, 6 months too late.

Petitioner argues that he only just learned from North Carolina Prisoner Leal Services of the proper motion to file and he was not aware of the time limitation on the filing of a § 2255 motion. The short response is to note that Petitioner filed the instant Motion to Vacate six months too late and his stated reason for doing so does not justify equitable tolling.[1]

In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4h Cir .2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209

---

[1] In Bilal v. North Carolina, 287 F. App'x 241, 243 (4th Cir. 2008), the Fourth Circuit Court of Appeals recognized that the new habeas form likely provided sufficient notice in the ordinary case to comply with Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). However, given the particular facts of that case, which included the petitioner responding "n/a" to the timeliness question on the form motion, the court found that the petitioner should be given an opportunity to clarify his apparent confusion regarding the timeliness issue. Id. at 249. Here, Petitioner's response to the timeliness question on his habeas motion shows no confusion and demonstrates that he understood the timeliness issue because he clearly set forth a response he believed was sufficient to save his motion from the statute of limitations. Accordingly, Bilal does not prohibit the Court from considering the timeliness issue sua sponte.

F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner basically claims that because he was unaware of the availability of a § 2255 motion, his late filing of the instant motion should be excused. The Court, applying the above cited test to Petitioner's particular situation, finds that Petitioner fails to establish that the facts causing his late filing of the instant motion are extraordinary. Nor do the causative circumstances arise from matters out of his control, preventing him from filing his § 2255 motion on time. Petitioner's stated reason for failing to timely file his Motion to Vacate will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

For the foregoing reasons, this Court concludes that Petitioner's Motion to Vacate is untimely, does not qualify for equitable tolling, and therefore must be dismissed.[2]

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that:

(1) Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is dismissed as untimely;

(2) Petitioner's Motion to Proceed In Forma Pauperis is dismissed as moot;

---

[2] Even if Petitioner's Motion were not untimely, the claims in his Motion to Vacate would be barred on collateral review because they were not raised in his direct appeal, Bousley v. United States, 523 U.S. 614, 621 (1998), and Petitioner has not established cause and actual prejudice resulting from the errors complained of or that he is actually innocent. See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

(3)  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: May 9, 2011

Richard L. Voorhees
United States District Judge